Per Curiam.

The respondent-owner’s hotel was injured by fire and the furnishings of several rooms destroyed or injured. She and three insurance' companies, the latter having paid a portion of the loss to her, have recovered damages against appellants, painting contractors, and the employee charged with negligent acts which caused the fire. The appellant Reagan in the employ of the other appellants, was burning paint from the cornice with an acetylene or Presto-lite torch. The fire started almost immediately after he had applied the flame at a point where there was a very small crack. He saw smoke coming from the “ minute ” crack. There is testimony that safety requires that water be available for immediate use when the torch flame is being applied. The jury could have found the
*414 workman knew that old birds’ nests made of straw were inside the cornice covering. One of the defendant employers testified that there was little danger of a fire if the workman used care, but if he failed in this by looking away “ it is ten chances to one he will burn a deep scar in the wood that will take a good deal of work and cost a good deal of money to obliterate if he is fortunate enough not'to set the building on fire ”. The application of the torch, the appearance of smoke and the starting of the fire were so closely consecutive that the contention of failure of proof of causal relation is not impressive. There was evidence which would justify the jury in finding that the workman was negligent. Respondents were properly permitted to recover for the loss and damage to furnishings upon their proof of value to the owner, and for loss of income during the period when a portion or all of the hotel was not available for use.
Hill, P. J., Heffernan, Brewster, Foster and Lawrence, JJ., concur.
Judgments affirmed, with costs.